Ubaldo **TORRES–DIAZ; Antelma De Jesus Montoya Vasquez; Jemima Crystal Torres Montoya, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71102.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Ubaldo Torres–Diaz, Santa Ana, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antelma De Jesus Montoya Vasquez, Santa Ana, CA, pro se.

Jemima Crystal Torres Montoya, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Saul E. Greenstein, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ubaldo Torres–Diaz, his wife Antelma De Jesus Montoya Vasquez, and their daughter Jemima Crystal Torres Montoya, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The BIA did not abuse its discretion by refusing to toll the deadline for filing a motion to reopen where petitioners failed to demonstrate they exercised diligence either in discovering their prior attorney's

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fraud, or in moving to reopen after discovering the fraud and meeting with new counsel. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria*, 321 F.3d at 899 (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances; limitations period begins when respondent meets with new counsel and learns of fraud).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.